Case 2:18-cv-00074 Document 46 Filed on 01/16/20 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALLEN DALE SCHMITGEN, *et al*, § § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:18-CV-74 |
| § | |
| SERVIS ONE, INC.; dba BSI § FINANCIAL SERVICES INC., *et al*, § § | |
| Defendants. § | |

# ORDER

The Court is in receipt of the Defendants' Response to Show Cause Order, Dkt. No. 44. The filing responds to this Court's December 20, 2019 order, Dkt. No. 42, remanding this case and ordering defense counsel Crystal Gee Gibson ("Gibson") to show cause as to whether Rule 11 sanctions should issue for her improper removal of this case. *See* Dkt. No. 1; Fed. R. Civ. P. 11. The Court set a January 10, 2020 deadline to file any motions regarding Rule 11 sanctions as it deliberated over whether sanctions are appropriate. Dkt. No. 45. Plaintiffs did not make a motion regarding Rule 11 sanctions.

### I. Background

In her removal petition based on diversity, Gibson made a signed representation that defendant Servis One, Inc d/b/a BSI Financial Services Inc. ("Servis One/BSI") was a citizen of only Delaware, creating complete diversity, when it is in fact a citizen of Delaware and Texas and has its principal place of business a few miles from Gibson's office in Texas. Dkt. No. 42 at 3; *see* 28 U.S.C.A § 1332. Plaintiffs Allen Dale and Rosie A.F. Schmitgen ("Schmitgens") are citizens of Texas. *Id.* In her initial response to the Court's show cause order, as to the Court's subject matter jurisdiction, Gibson simply attached BSI's certificate of incorporation which listed a corporation trust center in Delaware as the registered office of the corporation. Dkt. Nos 41-1 at 2, 42.

In Gibson's response to the Rule 11 show cause order she "apologizes to the Court and Plaintiffs' counsel for the errant removal of this matter to federal court. The undersigned counsel recognizes in hindsight that she could have, and should have, investigated the issue of BSI's diversity more thoroughly before filing a Notice of Removal in this case." Dkt. No. 44 at 1. "Defendants' Response to the Court's order [Doc. 41] was wholly inadequate and fails to exemplify the more studied approach to the practice of law that counsel demands of herself, and what is expected from her law firm and the judiciary." Dkt. No. 44 at 2.

In drafting her diversity removal petition, Gibson indicates that she reviewed Servis One/BSI's "Application for Certificate of Authority Pursuant to Article 7.05 Texas Limited Liability Company act" from January 20, 2005. *Id.* Gibson states that because that document indicated that BSI was "'organized under the laws of Delaware' and that 'The principal office address in the state or country of the company's jurisdiction of formation is: 1209 Orange Street, Wilmington, Delaware 19801'" she took that to mean that the principal place of business of BSI was in Delaware. *Id.* Gibson did not attach this 2005 document to her show cause response. *See* Dkt. No. 44. "At best, the undersigned relied on outdated public disclosures of BSI coupled with confirmation of that information from client personnel whom counsel believed to know the information (but did not). Sufficient information existed that counsel should have appreciated the questionable nature of her initial conclusions." Dkt. No. 44 at 3-4. Gibson noted that the Court only has power to award attorneys fees for a Rule 11 violation on motion from another party. *Id.*

## II. Legal Standard

As an officer of the Court, counsel has a duty to only make truthful, diligent representations to the Court. See Fed. R. Civ. P. 11. Signed representations, in the form of a pleading, motion, or other paper, are to be "based on a person's knowledge, information and belief and formed after inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). The representations are not to be presented for an improper purpose such as to harass or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). The claims should be warranted by existing law

or a nonfrivolous argument for modifying the law. Fed. R. Civ. P. 11(b)(2). The factual contention must have evidentiary support or, only if specified, will likely have evidentiary support after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b)(3). This Court may impose sanctions for a violation of Rule 11(b) after notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1). On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3). The Court may impose as sanction a nonmonetary directive, an order to pay a penalty to the court, an order directing payment of attorney's fees and other expenses if in response to a motion. Fed. R. Civ. P. 11(c)(4).

The Court may only award attorney's fees as a sanction after a motion from another party. *Brunig v. Clark*, 560 F.3d 292, 298 (5th Cir. 2009). In the Fifth Circuit, an attorney is measured under Rule 11 by objective, not subjective, standard of reasonableness. *Jenkins v. Methodist Hosps.*, 478 F.3d 255, 264 (5th Cir. 2007). That makes an attorney's good faith not a defense to sanctions under Rule 11. *Id.* Rule 11 liability is assessed only for a violation existing at the moment of filing. *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 380 (5th Cir. 2008). The Court must utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such a purpose. *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 878 (5th Cir. 1988). "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* The Court must make specific factual findings to support imposition of Rule 11 sanctions. *Akin v. Q-L Invest., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992).

In the circumstances of improper removal based on diversity jurisdiction, courts have imposed sanctions when they determine a removal petition was in bad faith and/or without merit. *Davis v. Veslan Enters.*, 765 F.2d 494, 500 (5th Cir. 1985); *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Nat'l Loan Inv'rs, L.P. v. W. Sugar Co.*, 366 F. Supp. 2d 881, 884 (D. Neb. 2005).

### III.   Analysis

Viewed by an objective standard, the factual information establishing Servis One/BSI's principal place of business was readily available to anyone who sought it at the time the case was removed. *See* Dkt. No. 1; Dkt. No. 44; *Jenkins*, 478 F.3d at 264. The information was on Servis One/BSI's website, other online outlets and in a 2018 Public Information Report on the Texas Secretary of State's website. Dkt. No. 42.[1] Relying on a thirteen-year-old application by BSI was a wholly inadequate factual basis for establishing principal place of business when much more recent and readily-available information existed. *See* Dkt. Nos. 44 at 2, 42 at 2-3; Fed. R. Civ. P. 11(b)(3).

In addition, objectively there was no legal grounds for establishing the principal place of business of Servis One/BSI based on the information Gibson said she used to file the removal petition. *See* Dkt. No. 44; *Jenkins*, 478 F.3d at 264; Fed. R. Civ. P. 11(b)(2). Gibson did not produce the 2005 "Application for Certificate of Authority Pursuant to Article 7.05 Texas Limited Liability Company act" document with her show cause response, but the language that she quotes from is not a reasonable legal ground for establishing principal place of business. *See* Dkt. No. 44 at 2; *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Gibson represents that this application "provided that BSI 'is organized under the laws of Delaware' and that 'The principal office address in the state or country of the company's jurisdiction of formation is: 1209 Orange Street, Wilmington, Delaware 19801.'" Dkt No. 44 at 2. She states that she took this information to mean that BSI's principal place of business was Delaware. *Id.* at 2-3. This excerpted language from a 14-year-old document relates to the formation of the company, in other words its place of incorporation, not where its principal place of business will be. *See id.*; *Lincoln*, 546 U.S. at 84.

A place of incorporation is the state where a company forms itself under the laws of that state. *See Lincoln*, 546 U.S. at 84; 28 U.S.C.A. § 1332; *Ohio & M.R. Co. v. Wheeler*, 66 U.S. 286, 296 (1861). "'[P]rincipal place of business' is best read as

---

[1] Servis One, Inc., 2018 Public Information Report 2018, Texas Secretary of State, available at https://mycpa.cpa.state.tx.us/coa/ (search number 0800442554)

referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Hertz*, 559 U.S. at 80. In removing this case, Gibson represented to the Court that she understood the difference between place of incorporation and principal place of business. Dkt. No. 1 at 3. She had an obligation to the Court to understand that difference. *See* Fed. R. Civ. P. 11(b). When asked to show cause for diversity jurisdiction, Gibson again did not do her legal or factual diligence or correct her error. Dkt. Nos. 40, 41.

After reviewing the removal petition, Dkt. No. 1, the responses to the show cause orders, Dkt Nos. 41, 44, and the relevant law and facts, the Court concludes there was no legal or factual basis for Gibson's signed representation of Servis One/BSI's citizenship, an essential element of a diversity removal petition. *See* Dkt. No. 1; *Hertz*, 559 U.S. 77, 92; *Lincoln*, 546 U.S. at 84; *Jenkins*, 478 F.3d at 264. Gibson violated Rule 11 with the removal of the case and did not live up to her obligations as an officer of the Court. *See* Fed. R. Civ. P. 11(b)(1). The improper removal wasted the time and resources of the Schmitgens in their home-foreclosure case. *See id*; Dkt No. 42. The improper removal also needlessly wasted the time and resources of the Court. *See id.* After considering all available sanctions, the Court determined that reprimand and ordered legal education is the least severe sanction appropriate to effect the purposes of Rule 11. *See Thomas*, 836 F.2d at 878; Fed. R. Civ. P. 11.

## IV. Conclusion

The Court **REPRIMANDS** Gibson for her violation of Rule 11. *See* Fed. R. Civ. P. 11(b); Dkt. No. 1. The Court **ORDERS** Gibson to complete two CLE credits on federal procedure and provide the Court proof of completion by **January 24, 2020**.[2]

SIGNED this 16th day of January, 2020.

_____
Hilda Tagle
Senior United States District Judge

---

[2] The Court suggests "Applying the Federal Rules of Civil Procedure to Your Case" (accessible at https://federalbarcle.org/product/applying-the-federal-rules-of-civil-procedure-to-your-case/)